[Crim. No. 277.  Department One.—June 11, 1897.]

THE PEOPLE, RESPONDENT, v. E. N. TUCKER, AP-
PELLANT.

117  229
e129 562

CRIMINAL LAW—NEW TRIAL—INTOXICATION OF JUROR—AFFIDAVITS—ORAL EVIDENCE—DISCRETION.—Where one of the grounds relied upon for a new trial in a criminal case is that one of the jurors was intoxicated during the trial, the question whether the fact of intoxication shall be determined upon affidavits, or upon oral evidence at the request of the defendant, is within the discretion of the court.

ID.—LATITUDE AS TO DECISION OF FACT—KNOWLEDGE OF JUDGE—SHOWING OF AFFIDAVITS.—Where the judge was an eye-witness of the condition of the juror during the trial, and his attention was called to him at the time when it was claimed that he was intoxicated, he is allowed the widest latitude of decision as to whether he was or was not intoxicated; and where the attorneys for the defendant did not present their own affidavits upon the question, and the showing made by the affidavits presented on both sides thereof justified the court in holding that the juror was not intoxicated, his decision as to such fact will not be disturbed on the ground of abuse of discretion.

ID.—PLEA OF ONCE IN JEOPARDY—REVERSAL OF FORMER JUDGMENT—AB-
SENCE OF FINDING—INSTRUCTION.—Where a judgment of conviction was reversed upon appeal of the defendant, for want of a finding upon a plea of once in jeopardy, these facts do not constitute jeopardy or an

acquittal of the defendant; and the judge upon a second trial may so instruct the jury.

ID.—EVIDENCE AT FORMER TRIAL IMMATERIAL.—The presence or absence of evidence at the former trial upon the matter of the special plea of once in jeopardy, is immaterial and foreign to anything involved upon appeal from a second judgment of conviction.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. JOSEPH H. BUDD, Judge.

The facts are stated in the opinion of the Court.

*J. G. Swinnerton* and *Max Grimm*, for Appellant.

*W. H. Fitzgerald, Attorney-general,* and *Charles H. Jackson, Deputy Attorney-general,* for Respondent.

GAROUTTE, J.—The defendant has been convicted of extortion, and appeals from the judgment and order denying his motion for a new trial. A demurrer was filed attacking the sufficiency of the indictment. This demurrer was properly overruled.

Among the grounds relied upon for a new trial, it is claimed that one of the jurors was intoxicated during the progress of the trial. Upon the showing made by the affidavits introduced at the hearing of the motion, the court was entirely justified in holding against defendant's contention upon this matter. Upon the hearing of the motion defendant's counsel proposed to establish the fact of the juror's intoxication by oral evidence before the court, claiming that he was unable to procure the affidavits of witnesses. The court ruled that he should make this showing by affidavit, and not by oral evidence. It is not necessary for this court to pass upon the legality of a procedure allowing oral evidence to be presented upon the hearing of a motion similar to the one at bar. The usual and ordinary course is to proceed by affidavits, but, conceding such practice not legally exclusive, then the whole question becomes one of those matters resting in the discretion of the trial court, and a matter in which the trial court is allowed

the widest latitude of decision. The judge who tried the case and heard the motion for a new trial was an eye-witness to the condition of the juror, his attention being directly called to him at the important period of time when it is claimed he was intoxicated. He had an opportunity of observing his condition at that time equally well with the bystanders. Again, defendant's attorneys did not even present their own affidavits to establish the facts claimed. For these reasons we will not hold that an abuse of discretion was committed.

This is the second trial of the defendant upon the present indictment. At the first trial upon the indictment he entered a plea of once in jeopardy. The jury found him guilty of the crime charged, but failed to find upon his special plea of jeopardy. Upon appeal to this court the judgment was reversed and the cause remanded for a new trial, by reason of a failure to find upon that plea. At the present trial the defendant entered special pleas of once in jeopardy and a former acquittal. Upon these pleas the jury were instructed to find for the people. Defendant's counsel now make complaint of the action of the trial judge, wherein the jury were instructed that upon the plea of once in jeopardy, entered at the *former trial*, there was no evidence offered at that time to support the plea. We fail to see the materiality of the contention to anything here involved. Here the material question is, was the court upon the present trial justified in instructing the jury to find for the people upon the special pleas entered? The presence or absence of evidence at the former trial upon the matter of the special plea seems to be foreign to anything involved upon this appeal. The facts disclosed by the record show the former conviction, a failure of the jury to find upon the plea of once in jeopardy, and a reversal of the judgment upon appeal for that reason. Those facts did not constitute jeopardy or an acquittal of the defendant, and the judge at the present trial was authorized to so inform the jury.

There are various assignments of error pertaining to

the rulings of the court in the admission of evidence. They have all been considered, and we are not prepared to say that such rulings are to any extent erroneous. The evidence coming before the jury under these rulings in most instances is not of great importance, and we find no rulings in the record which we deem both prejudicial and erroneous.

The evidence fully supports the indictment. The case of extortion was clearly made out, and defendant legally convicted.

Judgment and order affirmed.

VAN FLEET., J., and HARRISON, J., concurred.