[S. F. No. 14409. In Bank.—December 18, 1931.]

VERNON EDLER, Petitioner, v. C. E. HOLLOPETER, Judge of the Municipal Court, etc., Respondent.

A. B. Edler, Hal Hughes and Clifford D. Good for Petitioner.

Leslie K. Floyd for Respondent.

Kimball Fletcher, William A. Beasly, Clyde C. Shoemaker, George W. Rochester, Lawrence C. Cobb, George W. Prince, Jr., and Charles L. Nichols, *Amici Curiae.*

PRESTON, J.—Petition for writ of prohibition.

The object of this proceeding is to establish the validity of section 170b of the Code of Civil Procedure, which went into effect August 14, 1931, as against the claim that it is in conflict with section 1a of article VI of the Constitution. This code section reads as follows: "No justice of the peace, police court judge, or judge of any other inferior court now existing or which may hereafter be provided by law shall sit or act as a judge in any municipal or superior court or court of higher jurisdiction on the trial or hearing of any cause or question."

The issue before us arises out of the fact that petitioner has violated a traffic ordinance of the city of Los

Angeles; has been arrested therefor and has been brought to trial in the municipal court of that city and respondent, as acting judge thereof, is about to impose judgment upon him. Petitioner objects to this proceeding because respondent is not a regular incumbent of the municipal bench in said city, but holds the office only of police judge of the city of Monterey Park in the county of Los Angeles. Respondent judge, however, has been regularly commissioned by an existing order of William H. Waste, chairman of the Judicial Council, to sit as a judge of said municipal court and, by the presiding judge of said court, has been assigned to determine the cause against the petitioner herein. The sole objection to respondent sitting as such judge in said cause is that he is not permitted to do so in view of the above-quoted section of the Code of Civil Procedure.

Petitioner seeks to sustain the validity of said section, asserting that it comes well within the power conferred upon the legislature by sections 11, 11a and 13 of said article VI of the Constitution, which purport to invest the legislature with authority to fix by law the "powers, duties, qualifications and responsibilities" of all judges of so-called inferior courts, such as justices of the peace and police judges. Respondent, however, bases his claim that said section is invalid upon the provisions of section 1a of said article VI of the Constitution, which so far as here material, reads as follows: "The chairman (of the judicial council) shall seek to expedite judicial business and to equalize the work of the judges, and shall provide for the assignment of any judge to another court of a like or higher jurisdiction to assist a court or judge whose calendar is congested, to act for a judge who is disqualified or unable to act, or to sit and hold court where a vacancy in the office of judge has occurred."

It must be evident that said section 1a is designed to unify our judicial system and to that end to allow supervision over the action of the judges thereof by the chairman of the Judicial Council to the extent that any judge of a given jurisdiction may be assigned to another court of like or higher jurisdiction where the public welfare may be deemed to require it. It is clear also that inferior magistrates, such as police judges and justices of the peace are judges within the meaning of said Judicial Council amendment as well as within the meaning of other provisions of

said article VI. That this amendment was designed to affect the entire judicial body of the state has already been declared in the case of *Fay* v. *District Court of Appeal,* 200 Cal. 522, 528 [254 Pac. 896].

To so assign a judge for service in a higher court is not to take away the power of the legislature to enact laws respecting the powers, duties, qualifications and responsibilities of the particular office of which he then is an incumbent; the assignment of such a judge is simply calling upon him for additional service in some other court without in any manner changing his powers, duties, qualifications and responsibilities in the office he may then be holding. In other words, for the general good, he is simply taken from the duty he is then performing to perform an emergency service elsewhere. So read and understood, all these sections of the Constitution relied upon harmonize and have full sway and it is elementary that we should, if possible, so interpret the various provisions of an article of the Constitution as to harmonize them. (*Fay* v. *District Court of Appeal, supra.*)

There is, however, section 23 of this same article of the Constitution, which provides as follows: ''No person shall be eligible to the office of a Justice of the Supreme Court, or of a District Court of Appeal, or of a Judge of a Superior Court, or of a Municipal Court, unless he shall have been admitted to practice before the Supreme Court of the State for a period of at least five years immediately preceding his election or appointment to such office.''

This section must be construed along with the other sections above referred to and given due effect and to this end it must be held that no judge of inferior jurisdiction may be assigned for duty to a higher jurisdiction unless he meets the test above prescribed for persons who may occupy the higher judicial positions. In other words, if a judge of an inferior court is assigned to a higher court, he may not serve in that capacity unless he shall have been admitted to practice before the Supreme Court of this state for a period of at least five years immediately preceding his election or appointment to the office then held by him.

In the case before us petitioner fails to show that the respondent is not so qualified. It must therefore be assumed for the purposes of this cause that he has been duly ad-

mitted to practice before the Supreme Court of the state and was so admitted at least five years immediately preceding his election or appointment to office. This being true, his right to sit in the cause of petitioner is plain. Said section of the Code of Civil Procedure in so far as it forbids a judge of an inferior court to receive a regular assignment from the chairman of the Judicial Council to sit in a higher court, where he is otherwise qualified so to do, is invalid and in plain violation of the evident meaning and purpose of said section 1a of article VI of the Constitution.

It follows that the alternative writ must be discharged and the petition denied and it is so ordered.

Curtis, J., Langdon, J., Seawell, J., and Richards, J., concurred.

Waste, C. J., and Shenk, J., being members of the Judicial Council, did not participate.

Rehearing denied.