[Crim. No. 64. Fourth Appellate District.—June 9, 1932.]

THE PEOPLE, Respondent, v. LAWRENCE S. FERGU-
SON, Appellant.

Joseph Seymour and R. E. Hodge for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

JENNINGS, J.—The defendant was convicted of the crime of arson and was sentenced to imprisonment in the state prison. From the judgment of conviction and from the orders denying his motion for a new trial, and the motion in arrest of judgment, he has prosecuted this appeal.

Prior to the occurrence of the fire which caused the issuance of the information herein, defendant and his wife resided in a one-story frame building located at No. 20 San Gorgonio Drive, in the city of Redlands. San Gorgonio Drive is a residential street in said city and on properties fronting upon said street many buildings used for residence purposes have been erected. Shortly before 8 P. M. of July 3, 1931, a group of boys discovered fire in the residence of defendant. An alarm was given and when the city fire department arrived on the scene, the attic of the house was burning and flames were emerging from the gables at each end of the building. After the fire was under control, an inspection of the premises revealed the presence of a somewhat elaborate arrangement manifestly designed for the purpose of setting fire to the building. Several bathing caps, each containing approximately one pint of gasoline, were suspended from boards placed against rafters and ceiling joists. Connecting the various bathing caps were trailers of newspapers that were flattened and spread across the joists. On the top shelf in a linen closet a jug containing approximately a quart of some fluid was discovered. The fluid was tested and gave off a flash similar to gasoline. Directly over this jug the plaster had been removed from

the ceiling. Other evidence indicating that the fire was of incendiary origin was discovered. It appeared that defendant, accompanied by the members of his family, had left his home at some time prior to the discovery of the fire and had gone to the mountains near by to spend the week-end. The evidence as to the time of defendant's departure from the house was conflicting. The evidence produced on defendant's behalf indicated that he had left the house about 6 P. M. The evidence produced by the prosecution placed the time of his departure between 7 P. M. and 7:30 P. M. The testimony of an insurance agent showed that the defendant carried insurance on the house and contents in the amount of $6,000. The testimony of a contractor and appraiser was introduced showing that the reproduction value of the house on July 15 or 16, 1931, was $4,222.90. Another witness for the prosecution testified that the defendant had expressed a strong desire to leave the city because he felt that the people who lived there had not assisted him in his business and for the further reason that they were too narrow.

■ In their opening brief counsel for defendant state that in their opinion the evidence is not sufficient to support the verdict of conviction; that it showed merely opportunity to commit the offense and did not satisfactorily connect the defendant with its commission. From the brief *résumé* of the evidence hereinabove set forth, it is obvious that the evidence, although mainly circumstantial, as is generally true in cases of this character, was ample to sustain the verdict.

■ The contention next advanced by appellant is that it cannot be ascertained from the information nor from the judgment whether appellant was tried and convicted of the offense of arson as defined under the provisions of section 447a of the Penal Code or whether he was tried and convicted of some other like offense prohibited by another section of the Penal Code. It is pointed out that section 448a, prohibits the wilful and malicious burning of certain described property and provides a different penalty upon conviction than that provided by section 447a. It is also urged that sections 450a, 451a, and 458 of the same code denounce certain other offenses of like character and that the punishment provided in each of these sections is different from that which is provided by section 447a.

Hence, it is argued that appellant, having been sentenced to the term of imprisonment "provided by law" is uncertain whether the punishment meted out to him was in accordance with the provisions of section 447a or whether it was prescribed by virtue of the provisions of one of the other sections to which reference is made. This point was made by demurrer to the information which was overruled and the court's action in this regard is assigned as error. The contention is entirely devoid of merit. The information charges appellant with the crime of arson. It specifically alleges that on the date named he wilfully and maliciously set on fire and burned a certain building described as a residence and dwelling-house located at No. 20 San Gorgonio Drive in the city of Redlands, which was the property of appellant and Margaret Ferguson, who is shown by the evidence to have been his wife. The language of the information thus follows closely the language of section 447a of the Penal Code and there can be no semblance of serious doubt that appellant was charged, tried, convicted and sentenced under the provisions of this section of the code.

It is next urged that a portion of the trial was had in the absence of appellant. The portion of the trial which it is said was had in the absence of appellant consisted of the appearance of the entire venire of prospective jurors whose names had theretofore been drawn and who had been summoned by the court for preliminary examination as to their general qualifications to serve as trial jurors in the trial of cases then pending before the superior court of San Bernardino County. The contention that the proceedings thus taken formed a part of the trial of appellant and that subdivision 1 of section 1181, which states as a ground for a new trial the fact that a trial has been had in the absence of a defendant in a criminal action where the indictment is for a felony is applicable may not be sustained. No authority has been cited by counsel for appellant in support of the contention that the preliminary proceedings described form part of the trial. In the note in 70 A. L. R. 1074, it is said: "The law does not require that the defendant in a criminal action should be personally present in court when the venire is issued therefor, when such special venire is returned by the sheriff, or when the names of the jurors constituting such venire are called to

ascertain whether or not they have been summoned or are in attendance upon the court, are disqualified, or subject to excuse; none of such proceedings being 'steps in' or 'stages of' the trial, within the meaning of the rule requiring the defendant's personal presence, but all being ministerial preliminaries merely, in which the defendant could have no voice or participation.''

The text finds support in the following decisions: *Colson* v. *State,* 51 Fla. 19 [40 South. 183]; *Ammons* v. *State,* 65 Fla. 166 [61 South. 496]. It is obvious that the proceedings wherein persons whose names had been drawn for jury duty appeared in response to the summons of the court and were examined by the court as to their general qualifications and for the further purpose of determining whether they were subject to excuse were merely ministerial preliminaries to the trial. The record shows that from the members of the panel who were not excused the jury was selected before whom the case was tried. No objection was made to the panel. ▇ No complaint was made at any time during the trial of any irregularity in the drawing of the panel or the selection of jurors. The objection that the appellant was not present when the panel appeared in court and its members were examined by the court touching their general qualifications to act as jurors was not specified as a ground for appellant's motion for a new trial. Nor was the objection that appellant was not present at the time referred to included among the various grounds specified by him in his motion for arrest of judgment. Finally, it is not made to appear by the record that appellant was not in fact present at the time the panel appeared and its members were examined as to their general qualifications. It is a cardinal rule that the assignment of error by an appellant necessitates an affirmative showing by him of the commission of the error and that in the absence of such showing error will not be presumed (*People* v. *Holmes,* 118 Cal. 444 [50 Pac. 675]; *People* v. *Russell,* 156 Cal. 450 [105 Pac. 416]; *People* v. *Stennett,* 51 Cal. App. 370 [197 Pac. 372].) In this connection, appellant's counsel quotes the following language from the clerk's transcript: ''Ten o'clock a list of trial jurors was called and found present except those excused at nine o'clock this date.'' It is then said that apparently some proceedings in the trial were had

in the absence of appellant and without notice either to him or his counsel. All that does appear with certainty from the language quoted is that at 9 o'clock of the date on which the trial was begun, some members of the panel were excused. The power of a court to excuse qualified jurors is undoubted (*People* v. *Collins,* 105 Cal. 504 [39 Pac. 16]). In *People* v. *Britt,* 62 Cal. App. 674 [217 Pac. 767, 771], it was assigned as error that the trial court made an order excusing women members of the panel in the absence of the defendant and without his consent. The appellate court disposed of the objection in the following language: "No objection was made by counsel in the trial court to this method of procedure and there is no suggestion that the jurors who did serve were not competent, fair, and qualified to act. The defendant was not prejudiced by the order so long as an impartial jury was obtained (*People* v. *Harris,* 45 Cal. App. 547 [188 Pac. 65]; *People* v. *Lee,* 17 Cal. 76; see, also, note, *People* v. *Barker,* 1 Am. St. Rep. 519)."

There is here no complaint that the jurors who served were not competent, fair and qualified to act. Therefore, assuming that the examination of members of the panel took place without the presence of appellant and further indulging in what we believe is an incorrect assumption, viz., that such proceedings formed part of the trial, nevertheless, in the absence of a showing that the jurors who were selected to try the case were not competent, or fair, or qualified to act, appellant is not entitled to rely upon the claimed error as one which requires a reversal of the judgment.

■ The further contention is made that the trial court committed error in refusing to permit appellant to present the oral testimony of jurors before whom the case was tried in an effort to substantiate his claim that the verdict had been decided by means other than a fair expression of opinion on the part of the jurors. This was assigned by appellant as one of the grounds of his motion for a new trial. Upon the hearing of the motion, counsel for appellant requested permission of the court to have each member of the jury sworn as a witness and to examine each juror as to the method employed in arriving at a verdict for the purpose of showing that the verdict was one that was

found without consideration of the evidence and was in fact a compromise verdict. In order that the point thus made might be preserved on appeal permission was granted and the foreman of the jury was sworn. Thereupon, certain questions were propounded to the witness the purpose of which was to elicit testimony which should show that the verdict was reached without consideration of the evidence and that it was in fact a compromise verdict. Objections to the questions thus propounded were sustained, the court holding that it was discretionary with the court whether or not oral testimony would be permitted to be received on the hearing of a motion for a new trial. It was stated that it would be considered that the remaining eleven members of the jury were sworn as witnesses and the same questions propounded to them as were propounded to the foreman, the same objections interposed and the same ruling made in each instance. The argument of appellant's counsel in support of his contention that the court erred in the rulings thus made is to the following effect: It is conceded that subdivision 2 of section 657 of the Code of Civil Procedure provides that whenever any one or more jurors have been induced to assent to a verdict by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors and that the decisions have consistently declared that the affidavit of a juror cannot be received to impeach the verdict except where it is the result of a resort to the determination of chance. (*People* v. *Azoff*, 105 Cal. 632 [39 Pac. 59] ; *People* v. *Soap*, 127 Cal. 409, 411 [59 Pac. 771] ; *People* v. *Kromphold*, 172 Cal. 512 [157 Pac. 599].) But it is pointed out that subdivision 4 of section 1181 of the Penal Code provides that a new trial may be granted "when a verdict has been decided by lot or by any means other than a fair expression of opinion on the part of all the jurors". Since the ground that the verdict was reached by means other than a fair expression of opinion on the part of jurors is specifically set forth in section 1181 as a distinct reason for the granting of a new trial and since, as above noted, the rule has been declared that only in cases where the verdict is attacked as being the result of a resort to the determination of chance are affidavits of jurors receivable for the purpose of impeaching the verdict, it is said that it

necessarily follows that the impeachment of the verdict on the ground that it was reached by means other than a fair expression of opinion on the part of jurors can be accomplished only by the production of the oral testimony of the jurors. If this is not the case it is said that the second ground provided in subdivision 4 of section 1181 is rendered unavailable. The case of *People* v. *Tucker,* 117 Cal. 229 [49 Pac. 134], presented a situation which was strikingly similar to that which is here presented. In the case cited, the defendant proposed to establish by oral evidence the fact that one of the jurors was intoxicated during the trial as a ground for the granting of a new trial. It was stated that the defendant was unable to procure the affidavits of witnesses, for which reason it was necessary to have resort to oral testimony. The trial court refused to permit the offered testimony holding that the showing should be made by affidavit and not by oral evidence. On appeal the trial court's ruling was sustained on the ground that, conceding that the usual course of proceeding by affidavits was not exclusive, nevertheless the question was one resting entirely in the discretion of the trial court, a matter in which the trial court is allowed the widest latitude of decision. The same question was before the court in *People* v. *Sullivan,* 129 Cal. 557 [62 Pac. 101]. Here, again, it was sought to establish the fact of a juror's intoxication as a ground for a new trial and oral testimony was offered to support it. The oral evidence was rejected but the defendant was able to procure affidavits. On appeal it was held that the evidence as to the intoxication of the juror was conflicting, consequently the court's finding that the juror was not incapacitated was not disturbed. In discussing the contention of the defendant that testimony by affidavit is less effective than oral testimony the Supreme Court held that it was not necessary to decide whether the refusal of the trial court to hear oral testimony when it appeared that affidavits of witnesses could not be procured amounted to an abuse of discretion. It was said that it is, perhaps, true as decided in *People* v. *Tucker, supra,* that it is within the trial court's discretion to require all evidence in support of a motion for a new trial to be presented in the form of affidavits (or depositions). Under the authority of

*People* v. *Tucker, supra,* it would appear that it was within the discretion of the trial court whether or not it would permit oral evidence to be received to support the claim that the verdict was reached by means other than a fair expression of opinion on the part of the jurors. In the absence of a plain showing that there was an abuse of the wide discretion vested in the court, its refusal of the proffered oral evidence will not be disturbed. Since there is no such showing the court's ruling in this regard is sustained.

█ Appellant's final contention is that the court before whom he was tried and convicted was not a regularly constituted court and was therefore lacking in jurisdiction over appellant and of the proceedings which resulted in the judgment of conviction. It is urged that appellant was tried in department No. 3 of the Superior Court of San Bernardino County, in which Judge Scovel, a judge of the Superior Court of Orange County was then presiding; that there was an order made by the chairman of the Judicial Council of the state of California on January 2, 1931, assigning Judge Scovel to sit as a judge of the Superior Court of San Bernardino County for the period commencing January 2, and including December 31, 1931, but that this order was not spread upon the minutes of the court nor was it filed nor does it appear in the record. Upon oral argument of this appeal it was stipulated that the order of assignment was filed in the office of the county clerk of San Bernardino County. It was not stipulated that this order of assignment was entered in the minutes of the court. It thus appears that the order of assignment was duly made by the chairman of the Judicial Council of the state of California. The assignment was made pursuant to the provisions of section 1a of article VI of the Constitution, wherein it is provided that the chairman of the Judicial Council "shall provide for the assignment of any judge to another court of like or higher jurisdiction to assist a court or judge whose calendar is congested, to act for a judge who is disqualified or unable to act, or to sit and hold court where a vacancy in the office of judge has occurred". The assignment made by the chairman of the Judicial Council is attacked because it is said the record fails to show that the calendar of the Superior Court of San Bernardino County was congested at the time the

trial of appellant occurred or that any judge of the Superior Court of San Bernardino County was disqualified or that a vacancy in the office of judge of the Superior Court of San Bernardino County had occurred. In this connection, it is pointed out that there are three regular departments of the Superior Court of San Bernardino County presided over by judges duly elected and qualified and that during the time when appellant's trial was being held the minutes of the various departments which have been included in the record on appeal show that there were certain days on which no cases were tried in one or more of the regular departments. Therefore, it is urged that the record contains positive showing that there was no such congestion in the calendar of the Superior Court of San Bernardino County to justify the making of the order of assignment particularly on January 2, 1931, when it is said that the chairman of the Judicial Council could hardly have been able to foresee that the calendar of the Superior Court of San Bernardino County would become congested at any particular time during the year 1931. ■ One of the principal purposes of the constitutional amendment by virtue of whose provisions the assignment here attacked was made is to invest the chief justice of the Supreme Court of California, acting *ex officio* as chairman of the Judicial Council, with certain powers and functions through the exercise of which he is to seek to expedite judicial business and equalize the work of the judges. (*Fay* v. *District Court of Appeal,* 200 Cal. 522, 537 [254 Pac. 896].) The obvious design of the amendment is to unify the judicial system of the state and to that end to allow supervision over the action of the judges thereof by the chairman of the Judicial Council to the extent that any judge of a given jurisdiction may be assigned to another court of like or higher jurisdiction where the public welfare may be deemed to require it. (*Edler* v. *Hollopeter,* 214 Cal. 427 [6 Pac. (2d) 245].) In order that the manifest purpose of the amendment shall be effectuated it is clear that discretion of the broadest character is conferred upon the chairman of the Judicial Council and his determination is conclusive in the absence of clear and unequivocal showing of abuse of discretion. No such showing has been here made by appellant. The fact that during the time appellant's trial was in progress there were days on which no cases were

on trial in one of the three departments of the Superior Court of San Bernardino County is not sufficient to show that the calendar of the court was not congested. For all that appears, cases set for trial may not have consumed the time allotted for them or postponements of trial may have been found necessary in cases set down for hearing. The making of the so-called "blanket order" on January 2, 1931, assigning Judge Scovel to sit in the Superior Court of San Bernardino County during the year 1931, was in conformity with a policy well understood by bench and bar in California and its manifest object is to expedite judicial business and to promote the convenience of litigants and their legal representatives in the courts. ■ It is also urged that the court in which appellant was tried and suffered conviction must have been a court of extra sessions since the record shows that the judge who was regularly elected to preside in department No. 3 of the superior court did so preside during most of the time when appellant's trial was in progress. But it is pointed out that under the provisions of section 67b of the Code of Civil Procedure a court of extra sessions may be held only after the judge or a majority of the judges of the superior court of a county have decided that the public interests justify or require the holding of such a court and have appointed a time when and a place where it shall be held. It is said that the record fails to disclose that a majority of the judges of the Superior Court of San Bernardino County made such decision or appointment of time and place and that therefore the court in which appellant was tried and convicted was not a legally constituted court. The contention thus advanced may not prevail. The former plan of judicial assignments has been entirely superseded by the Judicial Council plan. (*Martello* v. *Superior Court,* 202 Cal. 400 [261 Pac. 476].) Although section 67b of the Code of Civil Procedure has never been expressly repealed by the legislature, it was impliedly repealed by the constitutional amendment adopted on November 2, 1926. The reasoning of the court in *Martello* v. *Superior Court, supra,* is directly applicable to appellant's contention relative to the trial having taken place in a court of extra sessions and furnishes a sufficient answer thereto. The procedure followed was in accordance with the terms of the constitutional provision, *supra,* and appellant's claim that

the court was lacking in jurisdiction is devoid of merit. (*People* v. *Hickman,* 204 Cal. 470, 480 [268 Pac. 906, 270 Pac. 1117].) To appellant's objection that the order of assignment was not incorporated in the minutes of the court it is apparent that the duty thus enjoined was purely ministerial, possessing no attribute of a judicial character. The failure to perform a purely ministerial act, is manifestly not a defect which warrants reversal of the judgment.

The judgment and orders from which this appeal has been taken are therefore affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 23, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 7, 1932, and the following opinion then rendered thereon:

THE COURT.—The petition is denied. However, we withhold our approval of that portion of the opinion which appears to hold that it is within the discretion of the trial judge to permit a juror to impeach his verdict, either by affidavit or oral testimony, in a case other than where a juror has been induced to consent to a verdict by a resort to chance. Section 657, subdivision 2, of the Code of Civil Procedure prescribes the only instance in which such a procedure is permissible.