[Crim. No. 4733.   Second Dist., Div. Three.   Feb. 11, 1952.]

THE PEOPLE, Respondent, v. LOY R. KIRK et al., Defendants; RONALD LLOYD BARKER, Appellant.

Ronald Lloyd Barker, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

VALLÉE, J.—On June 15, 1950, judgment was rendered adjudging that defendant be punished by imprisonment in the state prison. He had previously been charged with and convicted of three felonies: grand theft, robbery, and a violation of section 503 of the Vehicle Code. In a letter dated June 23, 1950, sent by mail, defendant gave notice of appeal from the judgment. The notice of appeal was received by the clerk of the superior court on June 27, 1950. The envelope containing the notice of appeal was postmarked June 26, 1950, at 12:30 p. m. During the period between June 15 and

June 27, 1950, defendant was confined in the county jail of Los Angeles County.

On June 28, 1951, defendant made a motion that the court require the clerk to prepare the record on appeal. The motion was denied on the ground the notice of appeal had not been filed with the clerk within 10 days after rendition of the judgment, as required by rule 31 of the Rules on Appeal. (36 Cal.2d 1, 26.) Defendant appeals from the order denying the motion.

·The tenth day after the rendition of the judgment fell on Sunday, June 25, 1950. The 10-day period was thus extended to Monday, June 26, 1950. (Code Civ. Proc., § 12(a).)

█ · The rule is that the time for filing a notice of appeal is mandatory and jurisdictional; and if the notice is filed after the expiration of the statutory period, neither the trial court nor a reviewing court can afford relief. (*People* v. *Behrmann*, 34 Cal.2d 459, 461 [211 P.2d 575].)

The motion was submitted to the court below on an affidavit of defendant in support of the motion and affidavits of five deputy sheriffs filed in opposition to the motion. The affidavit of defendant averred that on June 23, 1950, he wrote and signed a proper notice of appeal and placed it in a "stamped covered envelope which was left unsealed subject to censorship rules" of the jail. The letter, so he averred, was addressed to "County Clerk, Division 43 [the department in which defendant was convicted and sentenced], Los Angeles County Court." He stated that in accordance with the rules of the jail, he placed the letter in and upon and between the bars of the entering door of the cell in which he was confined on June 23, 1950, "to be picked up by the Los Angeles County Deputy Sheriff in charge, and that he did pick up said letter on the 23rd day of June 1950 to be censored according to the rules of said County Jail and then placed into the United States Mail."

The affidavits in opposition to the motion were made by all the deputy sheriffs who were in charge of, and who participated in, reading, censoring, and mailing letters and correspondence proffered by prisoners on June 23 to June 26, 1950, both inclusive, between 4 p. m. and 12 p. m. Taken together they averred: all mail emanating from cells and cell blocks, and proffered by prisoners for mailing, is picked up by deputy sheriffs having supervision over prisoners in the cells, and by such deputies is put in a prescribed place in the office of the

sheriff to which prisoners do not have access; all mail and correspondence proffered by prisoners is read, examined, and censored by deputies, assigned to such work, between 6 p. m. and 9 p. m. of each day; all mail and correspondence which has passed censorship is placed in the United States mail by use of a mail chute which is connected with a pickup mailbox on the second floor of the hall of justice in which the jail is located; no mail proffered by prisoners is held over past 9 :30 p. m.; all mail not passing censorship is returned to the prisoners who proffer it; no record was kept of any correspondence or documents which were examined and censored on any of the days in question; no incident of holding over any mail proffered by a prisoner occurred in July, 1950; defendant had the privilege to use the mails; if any document or letter, such as described by defendant in his affidavit, had been proffered by him, it "would have been mailable under the rules of and in accordance with the practice of the Sheriff's Office of Los Angeles County and would have been mailed in the United States mails in the manner above described not later than 9 :30 P. M. of the date on which this same was proffered by the prisoner for mailing"; all letters, documents, and correspondence examined, censored, and passed by them for mailing, were mailed before or at 9 :30 p. m. on the date they were examined; all outgoing mail from prisoners in the jail on each of said days was censored and mailed. None of the deputy sheriffs had any recollection as to whether defendant, during the days mentioned, proffered for mailing, or that there was mailed for him under the rules of the jail, any document such as that referred to by him in his affidavit.

In passing on the motion, the trial judge stated he did not believe the affidavit of defendant. As reasons for his unbelief he stated: defendant did not name the deputy sheriff when he said in his affidavit that the document had been picked up on June 23, 1950; defendant must have known the name of the deputy because he was in jail from February 21, 1950, to the time he was transferred to San Quentin; defendant's affidavit was not corroborated; notwithstanding defendant, at all times up to the time of sentence, was represented by Mr. Noel Martin of the public defender's office, an exceptionally able lawyer, he did not discuss the question of appeal with Mr. Martin or ask him to prepare a notice of appeal. The trial judge also said that: because the notice of appeal filed on June 27, 1950, contained the following in the handwriting of defendant, "My case was finished June the 15th 1950 and

I have given my notice of appeal within the required ten days,'' defendant ''was trying to put something into the record, knowing at that time that he was not within the time—with the hope through the lapse of time something would occur which might give him an advantage to which he was not entitled''; the fact defendant made no inquiry as to the status of his appeal until April 16, 1951, and did not file his notice of motion until more than a year after he was sentenced, ''indicates that there was a distinct little plan and scheme on the part of the defendant to delay the matter for about a year so that the matter could be placed in a position where evidence would not be as readily available to the People as if he had acted promptly,'' and ''if he honestly believed that he had a meritorious appeal pending, [he] wouldn't have waited a period of fully ten months before starting to do something about it''; and if defendant had proffered the notice of appeal on June 23, 1950, as he averred he had done, it would have been mailed on that date. The court concluded that the notice of appeal had not been timely filed.

■ The rule that a trial judge is not required to accept as true the sworn testimony of a witness, even in the absence of evidence directly contradicting it, applies to an affidavit. (*Berg* v. *Journeymen's P. & G. F. Union,* 5 Cal.App.2d 582 [42 P.2d 1091].) ■ In a matter in which an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contentions of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom. (*Wolfson* v. *Haddan,* 105 Cal.App.2d 147, 149 [233 P.2d 145].) ■ Where there is a substantial conflict in the facts presented by affidavits, the determination of the controverted facts by the trial court will not be disturbed on appeal. (*Deyl* v. *Deyl,* 88 Cal.App.2d 536, 543 [199 P.2d 424].) These rules are applicable in a criminal matter. (Pen. Code, § 1102. See *People* v. *Sullivan,* 129 Cal. 557, 561-563 [62 P. 101]; *People* v. *Tucker,* 117 Cal. 229 [49 P. 134].)

■ Applying these rules to the present case, we cannot say, as a matter of fact or law, that defendant filed his notice of appeal in time.

As we have said, the envelope in which the notice of appeal was mailed was postmarked ''Jun 26—12.30 P. M.—1950.'' Defendant argues that this fact conclusively establishes it was mailed on June 25, 1950, in time to have reached the clerk within the statutory time. The clerk received the notice June 27, 1950, one day too late. The trial judge was war-

ranted in concluding from the affidavits that the notice was not delivered by defendant to the jail officials until June 25, 1950, the day it was mailed, and that it did not reach the clerk within the statutory time due to defendant's failure to deliver it sooner and not because of any negligence on the part of the jail officials.

Defendant claims the facts of the case bring it within the exception to the general rule declared in *People* v. *Slobodion,* 30 Cal.2d 362 [181 P.2d 868], *People* v. *Aresen,* 91 Cal.App. 2d 26 [204 P.2d 389, 957], *People* v. *Stinchcomb,* 92 Cal.App. 2d 741 [208 P.2d 396], and *People* v. *Graff,* 104 Cal.App.2d 32 [230 P.2d 654]. These cases are distinguishable. The result in each case of this nature depends on its own facts. In Slobodion the fact that the defendant had delivered his notice of appeal to the prison officials six days prior to the expiration date for the taking of the appeal, with the request that they mail it, was not contradicted, as it is here. Through no fault of the defendant, but solely because of the negligence of the prison officials, the notice of appeal was not filed in time. The court held the delivery to the prison officials under the peculiar facts of the case constituted a constructive filing of the notice of appeal within the prescribed time limit and satisfied the jurisdiction requirements. In Aresen it was conceded that the defendant delivered the notice of appeal to the prison officials on the seventh day after rendition of the judgment, well within time to reach the clerk within the statutory time. The court followed the Slobodion case. In Stinchcomb the defendant was in the penitentiary at the time his petition for a writ of error *coram nobis* was filed and at the time it was denied on October 11, 1948. Notice of appeal was filed October 25, 1948. The defendant stated the first notice he had of the ruling on his petition was on October 20, 1948. The court held, pages 742-743: "[I]f a defendant in the state penitentiary has taken every step he possibly could to perfect his appeal he will not be deprived of the right of appeal because of the failure of someone in official position to forward a notice of appeal so that it might have been filed within the time required by the rules." In Graff the judgment was rendered on March 8, 1950. The notice of appeal, dated March 16, 1950, was filed March 20, 1950. The attorney general argued that the appeal should be dismissed. The defendant represented himself and had prepared the notice of appeal while confined in the county jail. He stated in his brief that the notice of appeal was prepared and signed on March 16,

1950. Nothing further appeared. The court did not dismiss the appeal but considered the case on its merits. The failure of the court to dismiss the appeal cannot be justified on the record in that case. Apparently the court felt the ends of justice would be served by considering the case on the merits rather than by dismissing the appeal, for it said, page 34, ''this court is of the opinion it would be better to consider and pass upon the contentions made by defendant.''

In all of the cases relied on by defendant, the question whether the defendant, who was incarcerated, had filed his notice of appeal in time, was decided by the reviewing court on its own determination of the facts as the trier of fact. In none of them was the reviewing court confronted with the situation we have here, where a trial judge, on conflicting affidavits, had determined that the defendant had not delivered the notice of appeal to the officials within sufficient time to have it deposited in the mail so as to reach the clerk within the 10-day period. The conclusions in Slobodion, Aresen, and Stinchcomb were predicated on the fact that the defendant, through no fault of his own but because of the negligence of the prison officials, failed to file his notice of appeal within the prescribed time limit. Here we must assume the notice was not filed in time through the fault of the defendant himself, and not because of the negligence of the prison officials, as the trial judge, on conflicting affidavits, impliedly so found in denying the motion.

Defendant assigns as ground for reversal the fact that he did not have an opportunity to cross-examine the deputy sheriffs. Affidavits are properly used upon a motion. (Code Civ. Proc., § 2009.) ▮ Whether oral evidence shall be received and whether examination of an affiant shall be permitted upon a motion, rests solely in the discretion of the trial judge. (*People* v. *Sullivan*, 129 Cal. 557, 561-563 [62 P. 101]; *People* v. *Ferguson*, 124 Cal.App. 221, 227-230 [12 P.2d 158].) The point is without merit.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.