[Civ. No. 17590.   First Dist., Div. One.   Mar. 19, 1958.]

ROBERT E. BAXTER, Appellant, v. JOHN PRESCOTT et al., Respondents.

E. C. Mahoney for Appellant.

Currie, Lebsack & Hannig for Respondents.

WOOD (Fred B.), J.—Plaintiff brought this action for quiet title, alleging default by defendants in making monthly payments of the purchase price for certain real property. Defendants were served May 31, 1956. Demand for entry of their default was filed July 11, 1956. On July 31, a decree quieting title was filed.

October 9, defendants noticed a motion for October 15, to set aside the default and the judgment. October 25, 1956, this motion was granted by an order from which plaintiff has appealed.

Plaintiff concedes, as is proper, that ''only in cases where the lower court has abused its discretion will the appellate tribunal reverse its action.'' (*Hughes* v. *Wright*, 64 Cal. App.2d 897, 903 [149 P.2d 392].) In support of his contention that here the trial court did abuse its discretion, appellant relies heavily upon the affidavit which he filed in response to defendants' motion and endeavors to minimize the probative force of defendants' affidavits and their verified answer and cross-complaint. The conflict in the evidence was resolved by the trial court. A reviewing court cannot participate in

the exercise of that function. ▮ It must accept the trial court's appraisal of written testimony in affidavit form as well as oral testimony. (*People* v. *Kirk*, 109 Cal.App.2d 203, 207 [240 P.2d 630] ; *Baratti* v. *Baratti*, 109 Cal.App.2d 917, 922 [242 P.2d 22].) Upon appeal the inquiry is limited to the question whether or not there is substantial evidence to support the express or implied findings of the trial court.

▮ It appears from defendants' affidavits that negotiations for settlement were pending at the time default was entered; defendants were unaware of the default or of the judgment until the sheriff served them with the writ of possession; defendants had paid in excess of $6,000 of the purchase price; if the default judgment be allowed to stand defendants will have suffered an extreme forfeiture in that they occupied the premises for 10 months, the reasonable value of such use and occupancy being not in excess of $1,500. The facts concerning the equities in favor of defendants were set forth somewhat more explicitly in the verified cross-complaint which defendants tendered with their notice of motion. It appears both from the complaint and from the cross-complaint that the full purchase price of the property was $19,950.

These facts sufficiently support the order. They prove no abuse of discretion. The pendency of negotiations for settlement was deemed significant in *Beard* v. *Beard,* 16 Cal.2d 645, 647 [107 P.2d 385], and *Dahlin* v. *Moon,* 141 Cal.App.2d 1, 5 [296 P.2d 344]. In *Smith* v. *Los Angeles Bookbinders Union,* 133 Cal.App.2d 486, 500 [284 P.2d 194], failure to give notice of intention to take a default was deemed of some significance.

It is true that the contract of purchase declared that if the purchaser failed to perform any of his obligations, he would forfeit all rights under the agreement and all moneys theretofore paid by him to the seller. However, a strict forfeiture in such a case is not countenanced by the law. ▮ A purchaser, upon default, whether willful or otherwise, is entitled to the excess paid by him to the seller over and above the amount of damages incurred by the seller. (*Freedman* v. *Rector, Wardens & V. of St. Matthias Parish,* 37 Cal.2d 16, 19-23 [230 P.2d 629, 31 A.L.R.2d 1] ; *Barkis* v. *Scott,* 34 Cal. 2d 116 [208 P.2d 367] ; *Baffa* v. *Johnson,* 35 Cal.2d 36 [216 P.2d 13].) Accordingly, even if upon the trial of this case it should appear that the defendants are not entitled to reinstatement of their right to purchase property (a question

not decided upon this appeal), they will have the right to present evidence upon the issue tendered by their claim that the payments they have made to the plaintiff exceed the damages sustained by him.

■ Plaintiff directs attention to that provision of section 473, Code of Civil Procedure, which predicates relief upon application therefor being made "within a reasonable time." That, of course, presents a question of fact for determination of the trial court unless the circumstances are such as to demonstrate unreasonable delay as a matter of law. ■ Here, there is evidence that defendants were unaware of the default and of the judgment until served with the writ of possession. Plaintiff's affidavit states that defendants were served "about" August 3 and were removed from the premises "about" August 21. Also, there is evidence that defendants sought and obtained new counsel who prepared and on October 9 filed the moving papers in their behalf. These facts do not demonstrate unreasonable delay as a matter of law.

The order is affirmed.

Peters, P. J., and Bray, J., concurred.