[Civ. No. 6610. Fourth Dist. Nov. 13, 1961.]

BEATRICE SILVER, Appellant, v. DOROTHY M. BOYD
et al., Respondents.

Ruskin & Montgomery and Charles C. Montgomery, Jr., for Appellant.

Arnold Rumwell for Respondents.

GRIFFIN, P. J.—On April 1, 1955, plaintiff-appellant Beatrice Silver brought an action against Dorothy M. Boyd, Samuel Goldband, Faye Goldband and Adolph Israel for $4,000 claimed to have been paid to them on the purchase price of two lots. She also sought to rescind the sales agreements on the ground of fraud. By an amendment of the complaint, it is alleged that on September 29, 1954, plaintiff cancelled and rescinded said agreements together with the escrow and defendants accepted said cancellation and rescission and resold the properties to others at increased values, and that plaintiff demanded the return of the deposits made by her on the ground that defendants were unjustly enriched by the transactions by retaining the deposits made by plaintiff.

The record comes to us on an agreed statement of facts. There is a waiver of findings and conclusions of law. Therein it is agreed:

"1). That at all times herein involved, defendant Israel was a duly licensed real estate broker; that he acted on behalf

of defendant owners, (Boyd and Goldbands) and not as a mutual agent with the owners and plaintiff.

"2). That as a result of defendant Israel's efforts he obtained plaintiff, a ready, able and willing buyer, to enter into two binding purchase agreements with defendant owners, to-wit:

"a). On or about August 17, 1954, plaintiff agreed in writing to buy from defendant Boyd, a lot for the sum of Twenty-two Thousand Five Hundred ($22,500.00) Dollars, escrow instructions were executed with the Citizens National Trust and Savings Bank, wherein plaintiff paid Two Thousand ($2,000.00) Dollars and defendant Israel was to receive Two Thousand Two Hundred and Twenty-five ($2,225.00) Dollars as a commission.

"b). On or about August 17, 1954, plaintiff agreed in writing to buy from defendants Goldband, a lot for the sum of Nineteen Thousand ($19,000.00) Dollars. Escrow instructions were executed with the Security First National Trust and Savings Bank where plaintiff paid Two Thousand ($2,000.00) Dollars, and defendant Israel was to receive One Thousand ($1,000.00) Dollars as a commission.

"3). Upon the execution of the two foregoing escrow instructions, defendant Israel had fully performed his services to the owners and was entitled to his commissions despite payment thereof was to be from the respective escrows in accordance with standard practice.

"4). On or about September 29, 1954, plaintiff served a notice of rescission and cancellation upon defendant owners and the escrows demanding the return of her money, claiming fraud and title defects.

"5). The same alleged fraud and alleged title defects are set forth in plaintiff's complaint.

"6). It is conceded by the plaintiff, for the purpose of this statement that the evidence would not substantiate the said allegations of fraud or title defects.

"7). That following receipt of the Notice of Rescission and Cancellation, defendants, owners, Boyd and Goldbands and thereafter each owner sold each lot for a larger sum to buyers obtained by defendant Israel or his office as hereinafter set forth.

"8). Following (a) defendant Israel released defendant Boyd from any claim he had for a commission as the result

of the plaintiff's agreement to buy and resold defendant Boyd's lot for an increased purchase price of Twenty-Three Thousand Five Hundred ($23,500.00) Dollars, but, as the sale was made by a salesman in his office, defendant Israel received one-half of the full commission of Two Thousand Three Hundred and Fifty ($2,350.00) Dollars, or the sum of One Thousand One Hundred and seventy-five ($1,175.00); (b) defendant Israel released defendants Goldband from any claim he had for a commission as the result of plaintiff's agreement to buy, and paid defendants Goldband Five Hundred ($500.00) Dollars for an assignment to him of the Two Thousand ($2,000.00) Dollar deposit of the plaintiff. This Five Hundred ($500.00) Dollar payment was accomplished by defendant Israel selling defendants Goldband's lot to others for the increased price of Twenty Thousand ($20,000.00) Dollars which entitled him to a ten percent (10%) or Two Thousand ($2,000.00) Dollars commission which he reduced to Fifteen Hundred ($1,500.00) Dollars, said sum he received for his efforts in the second sale.

"9). Defendant Israel has in his possession the Two Thousand ($2,000.00) Dollars plaintiff paid on defendant Boyd's sale and the escrow holder, Security First National Bank has the other Two Thousand ($2,000.00) Dollars."

Judgment was entered thereon in favor of plaintiff and against all defendants for $775 less $193 escrow costs. It will be noted that the agreed statement of facts mentions nothing about the escrow costs or how the $2,000 held in escrow came into the possession of defendant Israel. Copies of the purchase agreements, escrow instructions and listing contracts are not before us. It should be here noted that there are two separate sales agreements contained in two separate escrows and between different parties. It was agreed that the owners were served with a notice of rescission and the owners sold the properties to others at increased prices. The record rather indicates that these were mutual rescissions of the contract of purchase by the respective parties. If so, their respective rights would be governed by the rule stated in *Lubeck's Investment Co.* v. *Voris,* 68 Cal.App. 652 [229 P. 1025]. See also 9 California Jurisprudence 2d, section 64, page 218.

There is a possibility that the agreed statement of facts shows that the rescissions were due to the failures of the purchaser to perform. If we accept this latter claim of defendants as being the only conclusion that could be reached

under the facts stated, defendants are immediately brought within the rule stated in *Freedman* v. *Rector, Wardens & V. of St. Matthias Parish*, 37 Cal.2d 16 [230 P.2d 629, 31 A.L.R. 2d 1], holding that a penalty comprising a forfeiture without regard to actual damage suffered is unenforceable and cannot reasonably be justified as punishment for one who willfully breaches his contract. In *Caplan* v. *Schroeder*, 56 Cal.2d 515 [15 Cal.Rptr. 145, 364 P.2d 321], which was factually similar, this same proposition was considered and affirmed. The court there held that even after a willful breach of the contract by the purchaser, plaintiffs were entitled to the restitution of the amount paid down, less certain expenses incurred by the sellers including broker's fees paid by them. The rights of the sellers, in the instant case, to keep the entire down payments as forfeitures were not established. The properties were resold at a profit and accordingly there would be no loss of profit. There is no evidence in the record of escrow fees paid by the sellers. The only remaining claims of damages would be for the amounts of real estate commission fees which defendant sellers paid or became obligated to pay by reason of the breaches of the sales agreements by the plaintiff.

 As to these claims, the agreed statement of fact says that Israel, the agent for sellers, did obtain a purchaser ready, able and willing to buy and he was to receive $2,225 commission on the sale from Boyd to the plaintiff and $1,000 as a commission on the sale from Goldband; that defendant Israel had performed his services to the sellers and was entitled to his commission from them. Of course, in the absence of any other agreed facts, plaintiff would not be entitled to recover these sums from her deposits. However, plaintiff would be entitled to recover the entire deposit if the sellers did not pay or did not become obligated to pay said sums to the real estate agent. By the agreed statement of facts, the agent, Israel, relieved defendant Boyd from any claim he had for a commission as a result of plaintiff's agreement to buy and due to the resale of the same property and the collection of a commission in connection therewith. It therefore appears that Boyd did not pay or become obligated to pay defendant Israel any commission on this transaction and accordingly Boyd is not entitled to retain any sum out of the escrow deposit as damages due to commission expenses. (*Freedman* v. *Rector, Wardens & V. of St. Matthias Parish, supra,* 37 Cal.2d 16.)

 See also *Baxter* v. *Prescott,* 158 Cal.App.2d 531, 533 [322 P.2d 1008], where it was held:

"A purchaser, upon default, whether willful or otherwise, is entitled to the excess paid by him to the seller over and above the amount of damages incurred by the seller. [Citations.]"

■ It appears to us that the taking from the escrow the sum of $2,000 and its retention by Israel was unauthorized, since no forfeiture or declaration of rights thereto had been adjudicated.

■ The same situation exists as to the $2,000 paid into escrow by plaintiff in respect to the Goldband property. A similar release as to any claim for commission from him was executed, but in connection therewith Israel obtained from the Goldbands an assignment of plaintiff's $2,000 deposit with the escrow agent. At the time of the purported assignment, under the authorities cited, the sellers had no vested interest in the deposit money. Any interest the sellers had therein depended upon their ability to show that they paid or became obligated to pay Israel a commission in that transaction. By the release executed it affirmatively appears that they did not pay, nor did they become obligated to pay, a commission to Israel on that purported sale. The same rule here applies. (*Caplan* v. *Schroeder, supra,* 56 Cal.2d 515.)

■ The judgment should be reversed for several reasons. First, it runs against all defendants. There are two separate transactions involved and the parties' liabilities are separate and distinct. Secondly, there is no evidence pertaining to escrow charges. Thirdly, the escrow agent holding part of the money in question was not made a party defendant and would not be bound by the judgment. Lastly, there is no sufficient showing that the sellers paid or became obligated to pay any real estate commission in either transaction.

Judgment reversed.

Shepard, J., and Coughlin, J., concurred.