[No. D004430. Fourth Dist., Div. One. Dec. 9, 1986.]

Conservatorship of the Person of ROBERT JONES.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Petitioner and Respondent, v.
ROBERT JONES, Objector and Appellant.

**COUNSEL**

Robert D. Frank, under appointment by the Court of Appeal, for Objector and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Daniel J. Wallace, Chief Deputy County Counsel, and Susan A. Crabtree, Deputy County Counsel, for Petitioner and Respondent.

**OPINION**

**KREMER, P. J.**—On April 10, 1986, following Lanterman-Petris-Short Act proceedings (Welf. & Inst. Code, § 5000 et seq.), the trial court found Robert Jones gravely disabled and appointed a conservator for him. Jones appeals.

I

On March 12, 1986, San Diego County Department of Social Services petitioned for appointment of a conservator for Jones. On March 19, a conservatorship investigation report was mailed to H. L. Roy Short, Jones's appointed counsel. Thereafter, Short moved to dismiss the petition for lack of jurisdiction. The motion, however, was denied. On appeal, Jones again contends the trial court lacked jurisdiction because he was not personally served with the citation and petition to appoint a conservator, and neither

he nor an attorney lawfully representing him were served with a conservatorship investigation report.

## II

In a conservatorship proceeding, jurisdiction is obtained through service of a citation and petition for conservatorship upon the proposed conservatee. (Welf. & Inst. Code, § 5350; Prob. Code, § 1824; *Sacks* v. *Superior Court* (1948) 88 Cal.App.2d 808, 811 [199 P.2d 396]; see Code Civ. Proc., § 410.50.)

Here, proof of personal service upon Jones was supported by an affidavit signed by Marilyn Jones in which Marilyn, a social worker at Atascadero State Hospital where Robert Jones was committed at the time, declared she served Robert. Jones nevertheless contends the affidavit is inadmissible hearsay.

Arguably, Jones waived his right to contest personal jurisdiction by undertaking discovery.[1] When a party initiates discovery and thereby makes a general appearance, he is precluded from later challenging the personal jurisdiction of the court. (*Creed* v. *Schultz* (1983) 148 Cal.App.3d 733 [196 Cal.Rptr. 252].) However, assuming Jones had not made a general appearance, the affidavit showing proof of service is not, as Jones argues, inadmissible hearsay. While the affidavit contains hearsay, it is exempted from the hearsay rule by Code of Civil Procedure section 2009. (See Evid. Code, § 1200, subd. (b).) Code of Civil Procedure section 2009 provides: "An affidavit may be used. . . to prove the service of a summons, . . ."

To this, Jones replies conservatorship proceedings are "quasi-criminal" in nature and consequently Code of Civil Procedure section 2009 has no application and, in any event, the hearsay exception effected by this section violates Jones's constitutional right to confront witnesses against him. Assuming a conservatorship proceeding is, as Jones contends, a quasi-criminal action (see *Conservatorship of Roulet* (1979) 23 Cal.3d 219, 224-225 [152 Cal.Rptr. 425, 590 P.2d 1]), Code of Civil Procedure section 2009 is nevertheless applicable. Our Penal Code specifically provides: "The rules of evidence in civil actions are applicable also to criminal actions, except as otherwise provided in this code." (Pen. Code, § 1102.) As Witkin notes: ". . . there is no separate law of evidence for criminal trials, and the

---

[1] At the hearing on the motion to dismiss, Jones's counsel apparently conceded Jones had made a general appearance through a demand for discovery. However, the record reflects no other reference to discovery. It is unclear whether Jones made a demand for discovery or whether Jones's counsel was mistaken.

phrase 'criminal evidence,' sometimes used by textwriters, merely refers to the particular rules of evidence which are designed mainly or exclusively for issues or situations arising in criminal proceedings." (1 Witkin, Cal. Evidence (3d ed. 1986) § 19, p. 21.) Thus, under Code of Civil Procedure section 2009 and in the absence of a contrary statute, we find Marilyn Jones's affidavit was properly considered as proof of personal service on Robert Jones.

■ Moreover, Jones's claim of an impaired right to cross-examine the affiant does not dissuade us from this conclusion. The due process protection inhering in the Sixth Amendment is: ". . . a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury, in order that they may look at him, and judge by his demeanor upon the stand, and the manner in which he gives his testimony, whether he is worthy of belief." (*Mattox* v. *United States* (1895) 156 U.S. 237, 242-243 [39 L.Ed. 409, 411, 15 S.Ct. 337]; accord *Ohio* v. *Roberts* (1980) 448 U.S. 56, 63-64 [65 L.Ed.2d 597, 606, 100 S.Ct. 2531]; *California* v. *Green* (1970) 399 U.S. 149, 157, 158 [26 L.Ed.2d 489, 496, 497, 90 S.Ct. 1930].)

Jones cites no authority for entitlement to Sixth Amendment protection and we find none.[2] Jones would nevertheless have us substitute "proposed conservatee" for "accused" in the above quotation and bar the affidavit as unconfronted hearsay. But this we cannot do. Even assuming the confrontation clause applies, a point we expressly do not decide, Jones's claim of error does not fall within its scope. Here, Marilyn Jones, through her affidavit, declared only Robert Jones had been personally served with the citation and petition for conservatorship. She provided no evidence whatsoever regarding his alleged grave disability, which, in a Sixth Amendment sense, is "the charge against him." Thus understood, the affidavit bore only on a peripheral procedural matter, not the gravamen of the conservatorship petition, and therefore did not implicate Jones's assumed right to confront witnesses against him. The case of *People* v. *Kirk* (1952) 109 Cal.App.2d 203 [240 P.2d 630] illustrates this distinction. There, the defendant was convicted of three felonies and was imprisoned. While incarcerated, he sent a notice of appeal to the clerk of the superior court. Thereafter, the defendant moved the court to require the clerk to prepare the record on appeal. Based on oppositional affidavits from five deputy sheriffs assigned to the county jail, the trial court found the notice untimely and denied the motion.

---

[2]We are mindful, however, our courts have held neither civil labels nor good intentions obviate the general need for criminal due process safeguards when a proposed conservatee faces the involuntary legal disabilities attending a mental health conservatorship. (See, e.g., *Conservatorship of Roulet, supra,* 23 Cal.3d 219.)

After stating a notice of appeal is both mandatory and jurisdictional, the Court of Appeal affirmed. In regard to the defendant's Sixth Amendment claim, the appellate court stated: "Defendant assigns as ground for reversal the fact that he did not have an opportunity to cross-examine the deputy sheriffs. Affidavits are properly used upon a motion. (Code Civ. Proc., § 2009.) Whether oral evidence shall be received and whether examination of an affiant shall be permitted upon a motion, rests solely in the discretion of the trial judge. [Citations.] The point is without merit." (*People* v. *Kirk, supra,* 109 Cal.App.2d at p. 209; compare with *People* v. *Dickinson* (1976) 59 Cal.App.3d 314 [130 Cal.Rptr. 561] [admission of business record evidence of employment, foundationally supported by affidavit, held violative of the Sixth Amendment where defendant was charged with perjury for falsely stating his experience and training when qualified as an expert witness].) In sum, the Sixth Amendment presents no obstacle to the use of the affidavit to prove personal service.

Although the affidavit was prima facie evidence of service, Jones was not precluded from rebutting it (*City of Los Angeles* v. *Morgan* (1951) 105 Cal.App.2d 726, 731 [234 P.2d 319]), and this he attempted through his own testimony. However, Jones's purported denial was rambling and incoherent. ■ A court may disregard evidence when a witness has testified in such a manner as to cause doubt as to his or her accuracy. (*Davis* v. *Judson* (1910) 159 Cal. 121, 128 [113 P. 147].) After hearing Jones's testimony, the trial court, as the arbiter of credibility, found he had been personally served. Because the affidavit created a presumption in favor of service, the court's finding is supported by the evidence.

### III

■ Welfare and Institutions Code section 5354 requires the proposed conservatee, his or her circumstances, and alternatives to conservatorship be studied and reported before a hearing is convened. This section also provides a copy of the investigation report be transmitted to the proposed conservatee. Jones contends while a copy of the report was sent to appointed counsel, he never received one, and the trial court is therefore without jurisdiction to establish the conservatorship.

We recently considered this precise issue and held the "plain meaning [of Welf. & Inst. Code, § 5354] requires at minimum the mailing of the report to the proposed conservatee." (*Conservatorship of Ivey* (1986) 186 Cal.App.3d 1559, 1564 [231 Cal.Rptr. 376].) ■ Jones denies receiving, by any mode, the conservatorship investigation report; however, the record reveals another affidavit from Marilyn Jones declaring she personally served Robert Jones with a document entitled "Notice of Conservatorship

Investigation." Given the date of the affidavit, the date of the investigation report, and the absence from the record and file of any document specifically titled notice of conservatorship investigation, it would appear Jones was, in fact, personally served with the investigation report.

However, even if this were not so, Jones's failure to receive the conservatorship investigation report, on this record, does not require reversal. Jones equates the failed transmittal with an absence of jurisdiction. Yet, as previously discussed, the evidence indicates he was served with both the petition and citation for conservatorship documents capable, in themselves, of establishing the court's jurisdiction. (See Code Civ. Proc., § 410.50, subd. (a); Prob. Code, §§ 1820, 1822, 1823, 1824; Welf. & Inst. Code, § 5350; *Conservatorship of Ivey, supra,* 186 Cal.App.3d 1559, 1566; *Sacks* v. *Superior Court, supra,* 88 Cal.App.2d at p. 811.)

Further, a copy of the report was mailed to Jones's appointed counsel.[3] We find no reason, and Jones points to none, to conclude counsel did other than competently communicate and use the report information to zealously advocate Jones's cause. As we concluded in *Ivey:* "Lacking any hint to the contrary, there is no reason to reverse an order that was made in a fair hearing." (*Conservatorship of Ivey, supra,* 186 Cal. App.3d 1559, 1566.) This conclusion is equally applicable here.

### DISPOSITION

The judgment is affirmed.

Butler, J., and Lewis, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 25, 1987.

---

[3]Jones contends there is no evidence H. L. Roy Short accepted the appointment to represent him. However, there is little doubt that Short accepted the appointment. On March 20, 1986, and April 5, 1986, Short filed motions to dismiss on Jones's behalf. Had he rejected the appointment he would not have filed these motions. Furthermore, the record reflects no effort by Short to reject the appointment.