[No. D004180. Fourth Dist., Div. One. June 10, 1987.]

Conservatorship of the Person of MELVIN FORSYTHE.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Petitioner and Respondent, v.
MELVIN FORSYTHE, Objector and Appellant.

COUNSEL

Stephen J. Perrello, Jr., under appointment by the Court of Appeal, for Objector and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Daniel J. Wallace, Susan A. Crabtree and Mark C. Mead, Deputy County Counsel, for Petitioner and Respondent.

OPINION

KREMER, P. J.—Melvin Forsythe appeals the order establishing a conservatorship of his person. Forsythe contends the trial court lacked jurisdiction to hear the conservatorship petition since he was not personally served the petition or citation for conservatorship or the conservatorship investigation report. He also contends the record does not indicate he was advised and consulted regarding the conservatorship as required by Probate Code section 1828. We find the record does evidence personal service of the petition and citation for conservatorship, and such service was sufficient to establish jurisdiction even though Forsythe may not have received a conservatorship investigation report. We further find the record is consistent with and supports the conclusion Forsythe was properly advised and consulted by the trial court. We therefore affirm the order establishing the conservatorship.

FACTUAL AND PROCEDURAL BACKGROUND

Finding Forsythe's judgment and memory "severely impaired," Dr. Benjamin Bonsoul recommended a conservatorship of the person be established. Thereafter, Forsythe was served with a petition for the appointment of a temporary conservator and a conservator, and a citation for conservatorship, and a conservatorship investigation was undertaken. On November 4, 1985, the trial court entered an ex parte order appointing a temporary conservatorship for Forsythe. Forsythe then moved to dismiss the conservatorship petition for lack of jurisdiction. The motion was subsequently heard and denied. Hearing on the petition was set for January 7, 1986, at which Forsythe waived his right to a jury trial and stipulated to the admission of Dr. Bonsoul's medical report. In his report, Dr. Bonsoul stated Forsythe

suffered a mental disorder secondary to progressive dementia and, in his opinion, was incapable of providing for his own food, clothing or shelter because of his mental impairment. The trial court found Forsythe to be gravely disabled and appointed his nephew George Eshom as conservator.

## DISCUSSION

## I

Preliminarily we note the challenged conservatorship terminated by operation of law on January 7, 1987. (Welf. & Inst. Code, § 5361.) However, a second conservatorship was established on March 3, 1987, and, as the respective attorneys concede, the new conservatorship has not been appealed. Therefore, Forsythe's challenge to the establishment of the January 7, 1986, conservatorship is arguably moot. (*Consol. etc. Corp.* v. *United A etc. Workers* (1946) 27 Cal.2d 859, 863 [167 P.2d 725]; *Conservatorship of Moore* (1986) 185 Cal.App.3d 718 [229 Cal.Rptr. 875].) This is particularly true here where the alleged "residual taint" of having been wrongly placed under a mental health conservatorship is diminished or erased when a new and proper establishment goes unchallenged. Yet, given the automatic termination provision of Welfare and Institutions Code section 5361, any appeal from an order establishing a conservatorship could perpetually evade appellate scrutiny if, during the pendency of the appeal, the conservatorship expired or, as here, was properly reestablished. For this reason we find Forsythe's appeal is not moot *(Conservatorship of Moore, supra,* at p. 725). For this same reason, we also query whether the ordinary appeal process is efficacious in reviewing conservatorships which terminate yearly by operation of law. Admittedly in some instances the time needed to prepare the record and brief the case may not allow expeditious processing. Nevertheless, in an attempt to avoid potential mootness, this court would entertain requests to review conservatorship proceedings through expedited appeal or on writ of habeas corpus. We now turn to Forsythe's contentions.

## II

Forsythe first contends the trial court lacked jurisdiction over his person since the record does not evidence he was personally served with either a petition or citation for conservatorship. Indeed, it is these documents which, when served on a proposed conservatee, establish the court's jurisdiction. (*Conservatorship of Jones* (1986) 188 Cal.App.3d 306, 309 [232 Cal.Rptr. 600].) However, Forsythe errs in his summary of the evidence. The record on appeal contains a personal service affidavit stating Forsythe was delivered copies of the petition and citation for conservatorship. And it is this document on which the trial court relied in ruling jurisdiction over For-

sythe's person had been established, even though Forsythe had petitioned and declared to the contrary. ■■ Forsythe, nevertheless, replies the affidavit constitutes inadmissible hearsay and, given the "quasi-criminal" nature of conservatorship proceedings, is violative of his constitutional right to confront witnesses against him. We have recently addressed this precise question in *Conservatorship of Jones, supra,* 188 Cal.App.3d 306, and now repeat our discussion of this issue in its entirety: "[T]he affidavit showing proof of service is not, as Jones argues, inadmissible hearsay. While the affidavit contains hearsay, it is exempted from the hearsay rule by Code of Civil Procedure section 2009. (See Evid. Code, § 1200, subd. (b).) Code of Civil Procedure section 2009 provides: 'An affidavit may be used ... to prove the service of a summons, ...'

"To this, Jones replies conservatorship proceedings are 'quasi-criminal' in nature and consequently Code of Civil Procedure section 2009 has no application and, in any event, the hearsay exception effected by this section violates Jones's constitutional right to confront witnesses against him. Assuming a conservatorship proceeding is, as Jones contends, a quasi-criminal action [citation], Code of Civil Procedure section 2009 is nevertheless applicable. Our Penal Code specifically provides: 'The rules of evidence in civil actions are applicable also to criminal actions, except as otherwise provided in this code.' (Pen. Code, § 1102.) As Witkin notes: '... there is no separate law of evidence for criminal trials, and the phrase "criminal evidence," sometimes used by textwriters, merely refers to the particular rules of evidence which are designed mainly or exclusively for issues or situations arising in criminal proceedings.' (1 Witkin, Cal. Evidence (3d ed. 1986) § 19, p. 21.) Thus, under Code of Civil Procedure section 2009 and in the absence of a contrary statute, we find [the] affidavit was properly considered as proof of personal service on Robert Jones.

"Moreover, Jones's claim of an impaired right to cross-examine the affiant does not dissuade us from this conclusion. The due process protection inhering in the Sixth Amendment is: '... a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.' [Citations.]

"Jones cites no authority for entitlement to Sixth Amendment protection and we find none. Jones would nevertheless have us substitute 'proposed conservatee' for 'accused' in the above quotation and bar the affidavit as unconfronted hearsay. But this we cannot do. Even assuming the confronta-

tion clause applies, a point we expressly do not decide, Jones's claim of error does not fall within its scope. Here, [the affiant], through her affidavit, declared only Robert Jones had been personally served with the citation and petition for conservatorship. She provided no evidence whatsoever regarding his alleged grave disability, which, in a Sixth Amendment sense, is 'the charge against him.' Thus understood, the affidavit bore only on a peripheral procedural matter, not the gravamen of the conservatorship petition, and therefore did not implicate Jones's assumed right to confront witnesses against him. The case of *People* v. *Kirk* (1952) 109 Cal.App.2d 203 [240 P.2d 630] illustrates this distinction. There, the defendant was convicted of three felonies and was imprisoned. While incarcerated, he sent a notice of appeal to the clerk of the superior court. Thereafter, the defendant moved the court to require the clerk to prepare the record on appeal. Based on oppositional affidavits from five deputy sheriffs assigned to the county jail, the trial court found the notice untimely and denied the motion. After stating a notice of appeal is both mandatory and jurisdictional, the Court of Appeal affirmed. In regard to the defendant's Sixth Amendment claim, the appellate court stated: 'Defendant assigns as ground for reversal the fact that he did not have an opportunity to cross-examine the deputy sheriffs. Affidavits are properly used upon a motion. (Code Civ. Proc., § 2009.) Whether oral evidence shall be received and whether examination of an affiant shall be permitted upon a motion, rests solely in the discretion of the trial judge. [Citations.] The point is without merit.' *(People* v. *Kirk, supra,* 109 Cal.App.2d at p. 209; compare with *People* v. *Dickinson* (1976) 59 Cal.App.3d 314 [130 Cal.Rptr. 561] [admission of business record evidence of employment, foundationally supported by affidavit, held violative of the Sixth Amendment where defendant was charged with perjury for falsely stating his experience and training when qualified as an expert witness].) In sum, the Sixth Amendment presents no obstacle to the use of the affidavit to prove personal service." *(Id.* at pp. 309-311, fn. omitted.) We again follow the rule and reason of *Conservatorship of Jones* and hold Forsythe was properly served a petition and citation for conservatorship which established the trial court's jurisdiction over his person.

### III

Forsythe next contends he did not receive a copy of the conservatorship investigation report as required by Welfare and Institutions Code section 5354 and for this reason as well, the trial court lacked jurisdiction. While the record does contain a copy of the conservatorship investigation report, it does not, as Forsythe correctly contends, evidence a copy was transmitted to him. ■ As we recently stated in *Conservatorship of Ivey* (1986) 186 Cal.App.3d 1559 [231 Cal.Rptr. 376], Welfare and Institutions Code section 5354 "requires at minimum the mailing of the report directly to the

proposed conservatee." (*Id.* at p. 1564.) We further stated, however, such a failing does not deprive the trial court of jurisdiction when the proposed conservatee has been served a petition and citation to establish a conservatorship. (*Id.* at p. 1566.) As already determined, Forsythe was personally served these documents. His failure to receive a conservatorship investigation report, though violative of Welfare and Institutions Code section 5354, cannot, without more, support his jurisdictional challenge.

### IV

■ Finally, Forsythe contends the record does not demonstrate he was advised and consulted regarding the proposed conservatorship as required by Probate Code section 1828.[1] Here, the conservatorship petition identified George Eshom, Forsythe's nephew, as the proposed conservator. The record also indicates the trial court detailedly explained the nature of a conservatorship and the rights and disabilities attending its imposition. At one point the trial court specifically stated: "At the time your case is called you're entitled to present evidence in your own behalf and testify in your

---

[1]Probate Code section 1828 provides: "(a) Except as provided in subdivision (c), prior to the establishment of a conservatorship of the person or estate, or both, the court shall inform the proposed conservatee of all of the following:

"(1) The nature and purpose of the proceeding.

"(2) The establishment of a conservatorship is a legal adjudication of the conservatee's inability properly to provide for the conservatee's personal needs or to manage the conservatee's own financial resources, or both, depending on the allegations made and the determinations requested in the petition, and the effect of such an adjudication on the conservatee's basic rights.

"(3) The proposed conservatee may be disqualified from voting if not capable of completing an affidavit of voter registration.

"(4) The identity of the proposed conservator.

"(5) The nature and effect on the conservatee's basic rights of any order requested under Chapter 4 (commencing with Section 1870), and in the case of an allegedly developmentally disabled adult, the specific effects of each limitation requested in such order.

"(6) The proposed conservatee has the right to oppose the proceeding, to have the matter of the establishment of the conservatorship tried by jury, to be represented by legal counsel if the proposed conservatee so chooses, and to have legal counsel appointed by the court if unable to retain legal counsel.

"(b) After the court so informs the proposed conservatee and prior to the establishment of the conservatorship, the court shall consult the proposed conservatee to determine the proposed conservatee's opinion concerning all of the following:

"(1) The establishment of the conservatorship.

"(2) The appointment of the proposed conservator.

"(3) Any order requested under Chapter 4 (commencing with Section 1870), and in the case of an allegedly developmentally disabled adult, of each limitation requested in such order.

"(c) This section does not apply where both of the following conditions are satisfied:

"(1) The proposed conservatee is absent from the hearing and is not required to attend the hearing under the provisions of subdivision (a) of Section 1825.

"(2) Any showing required by Section 1825 has been made."

own behalf. If you have any questions I'll be happy to try to answer them." In the *Conservatorship of Ivey, supra,* 186 Cal.App.3d 1559, we recently held a nearly identical admonition substantially complied with the provisions of subdivisions (a) and (b) of Probate Code section 1828. "The court ... invited consultation by asking if there were any questions and offering to answer them...." *(Id.* at pp. 1567-1568.) Moreover, this section does *not* require individual consultation nor even a record of the consultation given. *(Id.* at p. 1567.) Here, the trial court addressed the proposed conservatees *en masse.* However, since a roll was not taken, there is no record indication Forsythe was sitting in the courtroom during the advisement. Forsythe does not argue he was not there, but rather that his presence is not substantiated by the record. We believe, however, the circumstances of this case point to a different conclusion.

The trial court addressed the proposed conservatees at 10 a.m., and Forsythe's case was heard less than an hour and 20 minutes later. Moreover, the trial court asked the bailiff whether any proposed conservatees were outside of the courtroom and did not begin his admonition until the bailiff assured him they were not. We must presume the court, in attempting to advise the proposed conservatees under Probate Code section 1828, properly carried out its duties and advised *all* of the proposed conservatees scheduled for hearings on January 7, 1986. This presumption is strengthened by the further statutory requirement a proposed conservatee must attend the conservatorship hearing unless evidence is presented the proposed conservatee is out of state, medically unable to attend, or chooses not to attend or to contest the conservatorship. (Prob. Code, § 1825.) We find no evidence in this record Forsythe's attendance at his conservatorship hearing was excepted. We therefore infer from this record Forsythe was present at the trial court's address and thereby was properly advised under Probate Code section 1828. If, however, we are wrong in reaching this conclusion, Forsythe may seek a writ of habeas corpus to explicate more clearly and fully the facts surrounding the trial court's address to the proposed conservatees and Forsythe's absence from the courtroom.

Finding no substance in Forsythe's challenges to the establishment of the conservatorship of his person, we affirm the trial court's order.

### Disposition

Affirmed.

Wiener, J., and Butler, J., concurred.

A petition for a rehearing was denied June 25, 1987, and appellant's petition for review by the Supreme Court was denied August 26, 1987. Mosk, J., was of the opinion that the petition should be granted.