Filed 1/21/22  Conservatorship of A.B. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| Conservatorship of the Person of A.B. | |
| PUBLIC GUARDIAN OF CONTRA COSTA COUNTY, <br><br>      Petitioner and Respondent, <br><br> v. <br><br> A.B., <br><br>      Respondent and Appellant. | A161129 <br><br> (Contra Costa County Super. Ct. No. P20-00666) |

A.B. appeals an order, entered in October 2020, finding him gravely disabled and appointing respondent Public Guardian of Contra Costa County (the public guardian) conservator of his person for a period of one year. He contends the trial court's improper continuances resulted in a 67-day delay of the trial on the petition for conservatorship which should be credited against his one-year commitment. He also challenges the admission of case specific hearsay in violation of *People v. Sanchez* (2016) 63 Cal.4th 665 and the sufficiency of the admissible evidence to establish that he is gravely disabled. The public guardian contends that A.B.'s acceptance of a subsequent petition for reappointment has rendered the present appeal moot. We agree that A.B.'s appeal is moot. Accordingly, we shall dismiss the appeal.

1

## Background

On June 30, 2020, the public guardian filed its petition for appointment of temporary conservator and conservator, pursuant to the Lanterman-Petris-Short (LPS) Act, Welfare and Institutions Code[1] section 5000 et seq. The petition alleged that A.B. is gravely disabled as a result of a mental disorder.

The initial hearing on the petition was held on July 14, 2020, at which trial was set for August 18. The trial was continued several times and ultimately commenced on September 29, 2020. On October 5, the court found A.B. gravely disabled, granted the petition, and appointed the public guardian conservator of his person for a one-year period. A.B. timely filed a notice of appeal.

On August 6, 2021, while the present appeal was pending, the public guardian filed a petition for reappointment.[2] On October 26, A.B. agreed to accept reappointment of the conservatorship for a period of three months. As part of the negotiated disposition, the parties agreed that the petition would be dismissed upon A.B.'s acceptance at a board-and-care facility. A review hearing was set for January 25, 2022. On November 5, the court issued letters of conservatorship.

## Discussion

When, during the pendency of a LPS conservatorship appeal, through no fault of the proposed conservator, an event occurs such that the appellate court cannot grant any effectual relief, the appeal becomes moot and should ordinarily be dismissed. (*Conservatorship of J.Y.* (2020) 49 Cal.App.5th 220, 223, 225, review granted Aug. 19, 2020, S263044; see *People v. Alsafar* (2017)

---

[1] All statutory references are to the Welfare and Institutions Code.

[2] The public guardian's request for judicial notice of the August 16 petition and related documents is granted.

8 Cal.App.5th 880, 882–883 [mentally disordered offender]; *Conservatorship of Joseph W.* (2011) 199 Cal.App.4th 953, 960.) Here, because the conservatorship at issue terminated on October 5, 2021, there is no longer a justiciable controversy.

There are indeed discretionary exceptions to the rule against adjudicating moot claims, but none apply to the present appeal. (See *In re David B.* (2017) 12 Cal.App.5th 633, 644 ["A court ordinarily will dismiss an appeal when it cannot grant effective relief, but may instead 'exercise its inherent discretion to resolve an issue when [1] there remain "material questions for the court's determination" [citation], [2] where a "pending case poses an issue of broad public interest that is likely to recur" [citation], or [3] where "there is a likelihood of recurrence of the controversy between the same parties or others." ' "].)

A.B. argues that the collateral consequences that may arise from a finding of grave disability support our consideration of his otherwise moot appeal. (See *Conservatorship of Jones* (1989) 208 Cal.App.3d 292, 298 ["collateral consequences remain after the termination of a conservatorship (such as legal questions arising from the period of incapacity and potential social stigma)"].) However, over a period of several years A.B. has been subject to repeated conservatorships, with multiple findings of grave disability. And, as the public guardian points out, A.B. has accepted such a finding in connection with the most recent petition for recommitment. There is thus little likelihood that he will suffer collateral consequences as a result of the finding on this petition. A.B.'s challenges to the admissibility or sufficiency of the evidence at this trial similarly entail little risk of future consequences.

A.B. also argues that that dismissing this appeal would violate his right to due process because delays in the appellate process rendered his appeal moot. As noted, defendant's notice of appeal was filed on October 15, 2020. The court reporter was given two extensions of time before the record on appeal was filed on December 4, 2020. Appellate counsel was appointed for A.B. on December 14, and a request to augment the record was filed on January 11, 2021. Although the court's order provided 40 days for completion of the augmented record, it was not filed until July 2021. A.B.'s opening brief was filed the same day the record was augmented. The public guardian was given two extensions of time totaling only 18 days. Respondent's brief was filed on October 12, 2021, seven days after the conservatorship expired. The negotiated disposition on the petition for reappointment was entered on October 26 and A.B.'s reply brief was filed in this court on November 15, 2021. While excessive delay in the appellate process can amount to a deprivation of due process, nothing in the sequencing described above demonstrates undue delay in this case. (See *United States v. Kimmons* (7th Cir. 1990) 917 F.2d 1011, 1014–1015 [five-month wait for a trial transcript is not an inordinate and inexcusable delay]; *United States v. Pratt* (1st Cir. 1981) 645 F.2d 89, 91 [nine-month delay in obtaining trial transcripts is not excessive].)

Finally, A.B. argues that the trial court's continuance of the trial over his objection was without good cause and in violation of section 5350, subdivision (d)(2), which presents an issue of broad public interest likely to recur.[3] Although A.B. suggests that trial courts "readily ignore" the statutory

---

[3] Section 5350, subdivision (d)(2) provides that the "[c]ourt or jury trial shall commence within 10 days of the date of the demand, except that the court shall continue the trial date for a period not to exceed 15 days upon the request of counsel for the proposed conservatee." A.B. acknowledges that

4

timelines due to courtroom overcrowding, and that the trial court in this instance was available for LPS trials only on Tuesdays, his claim for relief is based primarily on the alleged lack of good cause for a continuance. He does not seek broader relief that might be of benefit to others, nor would the record before us support such a determination.[4] A.B. seeks merely to reduce his now-expired conservatorship by 67 days, a matter that is both moot and of no consequence to others.

To the extent A.B. can be understood to argue that appeals of one-year conservatorship appointment orders are inevitably destined to be rendered moot before they can be decided, we share appellant's concern over the frequency with which appeals in these cases have become moot before a decision can be rendered on appeal. Given existing policies and procedures for obtaining calendar preference, absent the delay in obtaining the augmented record, this case likely would have been decided before the conservatorship expired. (See Conservatorship of Forsythe (1987) 192 Cal.App.3d 1406, 1409 [adopting policy to entertain such cases on "expedited appeal"]; Cal. Rules of Court, rule 8.240 [motion for calendar preference].) Nonetheless, it is incumbent on the superior court to consider measures to address delays in

California courts have found this 10-day deadline to be directory, not mandatory. (*Conservatorship of Jose B.* (2020) 50 Cal.App.5th 963, 967; *Conservatorship of James M.* (1994) 30 Cal.App.4th 293, 295.)

[4] Although the initial approximately three-week delay in setting the trial was based in part on the trial court's calendar, the subsequent continuances seem to have been based in large part on A.B.'s preference for an in-person trial and the court's inability to provide one given the Covid-19 precautions being taken by both the court and the facility at which A.B. was being housed. Ultimately, the court set the matter for a remote trial despite A.B.'s preference that the matter be delayed further so that he could appear in person.

setting these cases for trial and the recurring delay in the production of a complete record that too often precludes review in these cases.

**Disposition**

The appeal is dismissed.


POLLAK, P. J.

WE CONCUR:

BROWN, J.
DESAUTELS, J.[*]

---

[*] Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.