Filed 6/10/25  Conservatorship of L.A. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Conservatorship of the Person of L.A. | H050683<br>(Santa Clara County<br>Super. Ct. No. 2006-1-MH-036042) |
| MARY ANN WARREN, as Public Guardian of Santa Clara County,<br><br>      Petitioner and Respondent,<br><br>      v.<br><br>L.A.,<br><br>      Objector and Appellant. | |

This is the second time L.A. has appealed the imposition of a conservatorship pursuant to the Lanterman-Petris-Short Act (LPS Act) (Welf. & Inst. Code, § 5000 et seq.) to this court.[1]  In the first case, we dismissed as moot L.A.'s appeal of a jury's determination that she was "gravely disabled" within the meaning of the LPS Act, because the conservatorship had expired while the appeal was pending.  (*Warren, as Public Guardian v. L.A.* (Dec. 16, 2022, H049457 [nonpub. opn.] (*L.A.*).)

Now in the second case, we again dismiss the appeal as moot because the conservatorship expired while the appeal was pending and L.A. is no longer subject to a conservatorship.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

# I. FACTUAL AND PROCEDURAL BACKGROUND

L.A. has been diagnosed with schizophrenia, a mental illness characterized by delusions, paranoia, and hallucinations, which causes mood swings, verbal aggression, resistance to treatment, gross disorganization, suicidal ideation, and anxiety, thereby interfering with her judgment, daily functioning, and social interactions.

In her previous lawsuit, L.A. appealed a judgment imposing letters of conservatorship following a jury's determination that she was "presently gravely disabled due to mental disorder." That conservatorship began on August 5, 2021, and expired by operation of law on August 3, 2022.[2]

Before its expiration, the public guardian had petitioned for reappointment of the conservatorship on June 30, 2022 (petition). The petition alleged that L.A. was then residing at Dycora Transitional Health, a locked psychiatric facility in San Jose. It further alleged that she was still a gravely disabled person within the meaning of the LPS Act, and that she lacked the mental capacity to rationally understand the nature of the medical problem, the proposed treatment, and the attendant risks. In support of the petition, the public guardian submitted declarations from two doctors who opined as to L.A.'s mental state and need for further conservatorship.

On August 18, 2022, the trial court held an initial hearing at which L.A. requested a jury trial pursuant to section 5350, subdivision (d)(1).[3] However, at a subsequent hearing on September 22, 2022, after the trial court advised her of her right to a jury trial, L.A. stated she understood that right but was giving it up. As a result, the court vacated

---

[2] "An LPS conservatorship automatically expires after one year (§ 5361)." (*Conservatorship of George H.* (2008) 169 Cal.App.4th 157, 161, fn. 2 (*Conservatorship of George H.*).)

[3] Section 5350, subdivision (d)(1), states in part, "[t]he person for whom conservatorship is sought shall have the right to demand a court or jury trial on the issue of whether the person is gravely disabled."

the September 26, 2022, jury trial that had previously been set, and instead scheduled a least restrictive placement (LRP) hearing for October 11, 2022.[4]

At the beginning of the LRP hearing, the parties had the following colloquy regarding L.A.'s waiver of her right to a jury trial:

"MR. BRANDT [counsel for the public guardian]: 'I guess before we get started, [L.A.] had originally requested a jury trial. And I understand has dropped that request in favor of a less restrictive placement hearing, but if we could just verify that before continuing.

"THE COURT: So, [L.A.], the information that I have is that you do not want a jury trial. You certainly have a right to a jury trial with respect to the conservatorship. At a jury trial, 12 members from our community would come forward and make a determination whether or not the Public Guardian has proved their case. Do you wish to have a jury trial?

"L.A.: I understood that I had waived my right to a jury trial, but I didn't understand exactly how that happened. I simply stated that I preferred a LRP hearing at this time.

"THE COURT: Okay. And, thank you. I just was confirming that. I just wanted to make sure that we were all focusing on the right issues. So, Mr. Brandt, I'm going to find

---

[4] "Upon a grave disability finding, the court must 'separately determine' the 'level of placement appropriate for the conservatee.' " (*Conservatorship of A.J.* (2025) 109 Cal.App.5th 728,734 (*A.J.*), quoting *Conservatorship of Christopher A.* (2006) 139 Cal.App.4th 604, 612; § 5358, subds. (a)(1)(A), (c)(1).) "The court must consider available placement alternatives when reviewing the conservator investigation report. (§ 5358, subd. (c)(1).) Priority must be given to 'placement in a suitable facility as close as possible' to the conservatee's home or a relative's. (*Ibid*.) Critically, the court—not the conservator—must designate the 'least restrictive alternative placement for the conservatee.' " (*A.J., supra*, at p. 734, citing *Conservatorship of Amanda B.* (2007) 149 Cal.App.4th 342, 351.)

3

that she has waived her right to a jury trial. She is requesting a hearing on the least restrictive placement. Is that correct, [L.A.]?

"L.A.: Yes.

"THE COURT: All right.

"MR. BRANDT: Perfect. Thank you, Your Honor.' "

Following that exchange, a doctor of psychology testified in support of the public guardian's petition for reappointment of the conservatorship, after which the parties stipulated that L.A. was "ready for a lower level of care."

The trial court then made the following findings: "Based on the evidence before the Court, I do find that, beyond a reasonable doubt, that [L.A.] remains a gravely disabled person. [¶] Accordingly, the Public Guardian is reappointed conservator of the person and letters of conservatorship shall reissue to the Public Guardian. [¶] As to the powers of the conservator, the Court finds by clear and convincing evidence it is appropriate to grant all five powers. The Court has made a finding that there needs to be a transition from her current placement to a more -- to a placement that is least restrictive."

Consistent with that ruling, the trial court issued an order on November 2, 2022, reappointing a conservator of the person only for a gravely disabled person (order).  The order recited that L.A. "is still a gravely disabled person in that, as a result of a mental disorder, [she] still cannot provide for the basic personal needs of food, clothing, or shelter," and that the reappointment of a conservator of the person was still necessary and required.  The order then imposed the following conditions: (1) L.A. shall not have the privilege of possessing a license to operate a motor vehicle; (2) L.A. shall not have the right to refuse or consent to routine medical treatment unrelated to her grave disability; (3) L.A. shall not have the right to refuse or consent to psychiatric treatment and the administration of the psychiatric medication; (4) L.A. shall not have the right to enter into contracts, except contracts for necessities of life pursuant to Probate Code section 1871

4

and, if applicable, L.A. may make single transaction purchases from her personal needs funds; and (5) L.A. is disqualified from possessing a firearm or any other deadly weapon.

The letters of conservatorship were issued on November 2, 2022, as amended on November 9, 2022, and provided that they would expire one year from August 3, 2022.

L.A. timely appealed.

The record does not include any subsequent conservatorships imposed on L.A. following expiration of the appealed conservatorship on August 3, 2022. However, during the course of briefing in this appeal, the public guardian notified this court by letter on March 13, 2024, that the then-current conservatorship of L.A. had been terminated on February 20, 2024, pursuant to the public guardian's request. The public guardian then requested that we take judicial notice of the trial court's February 20, 2024, order terminating that conservatorship, which recited that L.A. "will benefit from an alternate plan of treatment."

We issued L.A. an order to show cause why the appeal should not be dismissed as moot, in light of the fact that she was no longer subject to a conservatorship. L.A. responded by letter brief, and we deferred resolution of the order to show cause for consideration with the appeal.

## II. DISCUSSION

L.A argues that the appeal should not be dismissed as moot because: (1) even if the conservatorship is no longer in effect, it carries collateral consequences and continuing stigma, (2) the appeal raises issues that are capable of repetition yet avoiding review, and (3) the appeal involves important issues that are likely to reappear if not resolved here. On the merits, L.A. argues that: (1) the order reappointing the conservator must be reversed because she did not validly waive her right to a jury trial, and (2) the order must be reversed because L.A. did not waive her right to a contested court trial or an evidentiary hearing on the imposition of special disabilities.

5

As we explain below, we conclude the appeal is moot and we decline to exercise our discretion to decide it on the merits.

### A. *Applicable law*

"The LPS Act authorizes short-term involuntary detentions (§§ 5150, 5250) and one-year conservatorships for those who are gravely disabled due to a mental health disorder or chronic alcoholism (see *id*., § 5350)." (*Public Guardian of Contra Costa County v. Eric B*. (2022) 12 Cal.5th 1085, 1095 (*Eric B*.).) In this context, "gravely disabled" means "[a] condition in which a person, as a result of a mental health disorder, is unable to provide for his or her basic personal needs for food, clothing, or shelter." (§ 5008, subd. (h)(1)(A); *Conservatorship of S.A.* (2020) 57 Cal.App.5th 48, 54.)

"When a treatment professional determines a person is gravely disabled and unwilling or unable to accept treatment voluntarily, the county's public guardian may petition to establish a conservatorship." (*Eric B*., *supra*, 12 Cal.5th at p. 1095, citing § 5352; *Conservatorship of K.P.* (2021) 11 Cal.5th 695, 708–709 (*K.P.*).) "If the matter proceeds to trial and the person is found gravely disabled, the court appoints a conservator (Welf. & Inst. Code, § 5350), imposes 'disabilities' as needed (*id*., § 5357), and determines an appropriate treatment placement (*id*., § 5358)." (*Eric B*., *supra*, at pp. 1095–1096, citing *K.P.*, *supra*, at pp. 709–710.) "A conservatorship terminates after one year but may be extended for additional one-year terms upon petition." (*Eric B*., *supra*, at p. 1096, citing § 5361.)

### B. *Request for judicial notice*

The public guardian requested that we take judicial notice of two documents: (1) the August 4, 2021, judgment after jury verdict that was the subject of the appeal in *L.A.*, *supra*, H049457 and (2) the February 20, 2024, order terminating a subsequent conservatorship.

We decline the request as to the first document as it is not necessary to our resolution of this appeal. (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison*

6

(1998) 18 Cal.4th 739, 755, fn. 6.) The public guardian argues that it is relevant because it shows L.A. "had a jury trial in the past and arguably had experience with exercising her right to a jury trial," and the "crux of the current appeal is whether [she] received an adequate advisement of her right to a jury trial by the trial court and made a knowing and intelligent waiver of that right." However, because we dismiss the appeal as moot, we do not reach the merits.

With respect to the February 20, 2024, order terminating a subsequent conservatorship, we grant the request pursuant to Evidence Code section 452, subdivision (c), for an official act of a judicial department of the state. The order is relevant to our resolution of this appeal because it demonstrates that a subsequent conservatorship was imposed after the conservatorship at issue in this appeal expired on August 3, 2023, and that L.A. is no longer subject to a conservatorship.

### C. *The appeal is moot*

In *L.A., supra,* H049457, we held that the appeal was moot because the conservatorship at issue had ended, thereby depriving the court of the ability to provide L.A. with effectual relief. (*K.P.*, *supra*, 11 Cal.5th at p. 705, fn. 3; *Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574 [cases are moot if reviewing court cannot grant effective relief].)

The same is true in this appeal. The conservatorship expired on August 3, 2023, and this court can no longer provide effectual relief.

As the California Supreme Court has explained, this problem—a conservatorship expiring while an appeal is pending—frequently arises "because a conservatorship's duration is short, compared to the appellate process." (*K.P.*, *supra*, at p. 705, fn. 3, citing *Conservatorship of John L.* (2010) 48 Cal.4th 131, 142, fn. 2 (*Conservatorship of John L.*).) Yet, even where an appeal is moot for this reason, a reviewing court nevertheless has the discretion to overlook the expiration of the conservatorship and decide the appeal on the merits. (See *Conservatorship of George H.*, *supra,* 169 Cal.App.4th 157, 161,

fn. 2.) "Even if a conservatorship terminates prior to appellate review, the appeal is not moot if it raises issues that are capable of repetition yet avoiding review. [Citation.] In addition, the continuing stigma of wrongful commitment, which continues even after the commitment has ceased, is grounds for entertaining an appeal." (*Conservatorship of Carol K*. (2010) 188 Cal.App.4th 123, 133 (*Carol K*.).) It may also be proper to resolve a moot case on the merits where it is a matter of general public interest likely to reappear in the future. (*Conservatorship of Manton* (1985) 39 Cal.3d 645,647, fn. 1.)

As was the case in *L.A., supra,* H049457, we do not find any of these factors present here.

L.A. argues that, even if the conservatorship is no longer in effect, it is not moot because it continues to carry "collateral consequences and continuing stigma." L.A. cites *Carol K.*, which noted that "collateral consequences remain even after the conservatorship has been terminated," and "the continuing stigma of wrongful commitment, which continues even after the commitment has ceased, is grounds for entertaining an appeal." (*Carol K., supra*, 188 Cal.App.4th at p. 133.)

However, L.A. does not analogize to *Carol K.* in any way or explain the nature of the continuing stigma under the facts at issue here. To the extent that L.A. suggests that, in every appeal of a conservatorship, a stigma of wrongful commitment necessarily exists so as to warrant consideration on the merits even where the conservatorship has expired, we reject the assertion. Instead, the matter is left to the discretion of the reviewing court to decide whether to review the appeal on the merits. (*Conservatorship of George H*., *supra*, 169 Cal.App.4th at p. 161, fn. 2.)

Moreover, under the circumstances here, we are not persuaded that such "collateral consequences remain" after termination of the conservatorship. Instead, the record shows that a subsequent conservatorship was imposed on L.A., which was then terminated on February 20, 2024. Accordingly, even if the appealed conservatorship were reversed, it would not undo the alleged stigma from the subsequent conservatorship,

8

which is not being challenged in this appeal.  (See, e.g., *Conservatorship of K.Y.* (2024) 100 Cal.App.5th 985, 988–989 (*K.Y.*) [rejecting argument that appeal of expired conservatorship was not moot based on "collateral consequences," because conservatorship had been reappointed so there was "little likelihood that she will suffer collateral consequences as a result of the finding of grave disability on this specific petition"].)

L.A. also argues that her appeal is not "truly moot" because it raises issues that are capable of repetition yet avoiding review.  She notes that this court declined to address her prior appeal on the merits, partly because we "[did] not view the specific evidentiary issues raised in this appeal as capable of repetition yet evading review," the implication being that the issues thus avoided review and have now repeated.

However, L.A. has failed to demonstrate either that the issues she presents are capable of repetition, or that they would likely avoid review.  First, "[e]ach subsequent petition for reappointment of a conservator under the LPS Act is resolved independently of any conservatorship that preceded it."  (*K.Y., supra*, 100 Cal.App.5th at p. 989 citing § 5361; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 543 ["focus [is] primarily on the conservatee's current needs and progress, rather than on a retrospective consideration of conditions that may no longer exist"].)  Here, L.A.'s arguments on the merits are predicated on the specific and unique facts of this case, such as the extent to which she made a knowing and voluntary waiver of her right to a jury trial.

Second, as we noted in *L.A., supra*, H049457 an appellant subject to an LPS conservatorship can seek peremptory relief by writ petition (*In re David B.* (2017) 12 Cal.App.5th 633, 655) or seek calendar preference and expedited review on appeal.  (See, e.g., Cal. Rules of Court, rule 8.240.)  As the court explained in *K.Y.*, "there are doubtless cases in which mootness can be avoided by taking advantage of procedures available for expedition."  (*K.Y., supra*, 100 Cal.App.5th at pp. 989–990, citing *Conservatorship of Forsythe* (1987) 192 Cal.App.3d 1406, 1409 [adopting policy to entertain such cases on

9

expedited appeal]; *People v. McCray* (2023) 98 Cal.App.5th 260, 269 [noting that "no effort was made to seek calendar preference in this appeal due to imminent mootness" and that appellant "would be well advised to proceed with greater urgency and seek calendar preference" to avoid mootness in a subsequent appeal].)

Finally, L.A. argues that the appeal involves important issues that are likely to reappear if not addressed on the merits, such as whether she actually waived her right to a jury trial, and whether her request for an LRP hearing was properly construed as a waiver of a court trial and an evidentiary hearing on the special disabilities imposed on her.

However, as was the case in *L.A.*, *supra*, H049457 these arguments are fact-specific and therefore unique to her case and the challenged conservatorship. By contrast, she does not raise legal issues that are likely to apply to other cases or present any questions of general public interest likely to reappear in the future. As the public guardian argues, "the issues here are thus unlikely to have 'precedential consequence' [citation], but rather, turn on whether the record supports [L.A.'s] claims of error."

We recognize that, as the California Supreme Court explained in *K.P.*, "[t]his problem frequently arises because a conservatorship's duration is short, compared to the appellate process." (*K.P.*, *supra*, 11 Cal.5th at p. 705, fn. 3.) However, it does not follow that a reviewing court must address the merits in every such instance; instead, the matter is left to the discretion of the reviewing court. (*Conservatorship of John L.*, *supra*, 48 Cal.4th at p. 142, fn. 2.) Here, for the reasons discussed *ante*, we exercise our discretion not to address the merits.

### III. DISPOSITION

The appeal is dismissed as moot.

10

_____

                    Wilson, J.



WE CONCUR:




_____

Greenwood, P. J.




_____

Grover, J.




*Warren, as Public Guardian of Santa Clara County v. L.A.*
H050683